CARMEN T. ROURE, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, HUMACAO PART, JOSÉ ORLANDO GRAU, JUDGE, Respondent; JUAN MANUEL COLÓN, Intervener.

No. O-71-36.     Decided April 21, 1971.

*Rafael A. Escudero Bonilla* for petitioner. *Félix A. Ramos Cabán* for intervener.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

More than 50 years ago in *Sureda* v. *Sureda,* 22 P.R.R. 621 (1915), on the grounds that the wife "can have no other domicile than that of her husband and the Civil Code confers upon her no right to select any she pleases," we set aside the transfer of an action for divorce, ordered by the District Court of Mayagüez to the District Court of Ponce. The same question was raised before the trial court in the instant case.

In deciding the same it stated "we, the trial judges, are bound to follow the rules established by the Supreme Court, even though we believe as in the instant case, that it is time to review them, and that as a matter of fact, they are being reviewed."

██ *Sureda* decided the question relying on the provisions of § 90 of the Civil Code, 1930 ed., 31 L.P.R.A. § 283, to the effect that the wife's domicile is that of her husband. But ever since we issued the ruling in *Sureda* to this date, the approach and development of the law have been altered by currents of modernization and justice. And these currents affect the approval of laws as well as their construction. It becomes archaic, unfair and discriminatory to construe laws on the basis of a fiction. Each motion for change of venue should be decided according to its merits, pursuant to the rules established for all the litigants. In this case the defendant wife resides within the demarcation of another of the Parts of the Superior Court. Plaintiff himself so alleges in his complaint. The most reasonable thing is that the trial be held where the defendant resides and where it is easier and more feasible for her to introduce her evidence.

*Sureda* v. *Sureda, supra,* is overruled.

Judgment will be rendered accordingly.